FILED
February 18, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEVEN MICHAEL LAIRD, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. SA-24-CV-59-OLG |
| CAROLYN COLVIN, Acting Commissioner of Social Security Administration,[1] | § | |
| Defendant. | § | |

# ORDER

The Court has considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation (the "Report") (Dkt. No. 12), filed on January 17, 2025, wherein Judge Chestney recommended that the decision of the Acting Commissioner of the Social Security Administration, Carolyn Colvin, be affirmed. Plaintiff Steven Michael Laird filed objections (the "Objections") (Dkt. No. 14) to the Report.

When a party objects to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review as to those portions of the report and recommendation to which an objection is made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Frivolous, conclusory, or general objections need not be considered by the district court. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Any portions of the magistrate judge's finding or recommendation that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

---

[1] Carolyn Colvin became the Acting Commissioner of the Social Security Administration on November 30, 2024. As a result, she is automatically substituted for Martin O'Malley as the Defendant in this action. *See* FED. R. CIV. P. 25(d).

Laird raises two specific objections to the Report. First, Laird argues that, because the Administrative Law Judge (the "ALJ") failed to properly articulate why Laird did not satisfy Paragraph C of Listing 12.04,[2] he was deprived of his substantial rights, warranting remand. *See* Dkt. No. 14 at 3. According to Laird, Judge Chestney improperly "read reasons" into the ALJ's decision. *Id.* The Court disagrees. There is no dispute that the ALJ's Paragraph C analysis was impermissibly conclusory. But procedural perfection is not required. *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) ("'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988))). To that end, "[a]n ALJ's analysis and findings at other steps of the sequential process may provide a basis for upholding a conclusory step three finding." *Verret v. Comm'r of Soc. Sec.*, No. 21-cv-93, 2022 WL 3096047, at *7 (S.D. Miss. July 19, 2022) (collecting cases). Judge Chestney did not "read reasons" into the ALJ's decision; instead, she properly considered the ALJ's analysis at other steps of the sequential evaluation process. *See* Dkt. No. 12 at 15. In so doing, Judge Chestney correctly found that the ALJ's step three finding is supported by substantial evidence. *Id.* at 15–16. Accordingly, Laird's first objection is **OVERRULED**.

Second, Laird disputes the ALJ's finding with respect to the persuasiveness of Dr. Marie C. Weil's medical opinion. *See* Dkt. No. 14 at 3–4. According to Laird, the record, just like Dr. Weil's opinion, indicates that he has "marked limitations for all social functioning and for handling changes in routine work settings." *Id.* at 4. Therefore, Laird contends that the ALJ's partial rejection of Dr. Weil's opinion was erroneous. *See id.* The Court disagrees. The ALJ adequately

---

[2] The Listings "are descriptions of various physical and mental illnesses and abnormalities, most of which are categorized by the body system they affect." *Sullivan v. Zebley*, 493 U.S. 521, 529–30 (1990). If a claimant's impairment meets or equals a Listing, "he is presumed unable to work and is awarded benefits without a determination whether he actually can perform his own prior work or other work." *Id.* at 532 (collecting cases).

evaluated the persuasiveness of Dr. Weil's opinion. *See* Dkt. No. 3-2 at 26–28. After considering the ALJ's analysis, Judge Chestney correctly determined that the ALJ's finding, while imperfect, is supported by substantial evidence. *See* Dkt. No. 12 at 11–12. Laird may disagree with the ALJ's evaluation of the evidence, but it is not the Court's role to reweigh the evidence or substitute its judgment for that of the ALJ—even if the evidence preponderates against her decision. *See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citing *Brown v. Apfel*, 192 F.2d 492, 496 (5th Cir. 1999)). Indeed, "no substantial evidence" exists only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)) (internal quotation marks omitted). That is not the case here. Accordingly, Laird's second objection is **OVERRULED**.

## CONCLUSION

For the forgoing reasons, the Objections (Dkt. No. 14) are **OVERRULED**, the Report (Dkt. No. 12) is **ACCEPTED** and, for the reasons set forth therein, the Commissioner's decision is **AFFIRMED**.

**IT IS ORDERED** that this case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** this **15** day of February, 2025.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE